Please rise. The court is now in session.  The court is now in session. I'm with the Office of the State Appellate Defender. I represent Defendant Melvin Turner. Mr. Turner was convicted after a jury trial of unlawful use of a weapon by a felon and sentenced to eight years' incarceration. He was acquitted at the same trial of aggravated discharge of a firearm. He's raised three issues on appeal. Today I'm going to be focusing on the second issue involving an improper jury instruction. If we have time, I'll circle back around to the first issue involving the State's use of hearsay statements. And if your Honors have any questions about the third issue involving a Krenkel hearing, I'm happy to answer them. The gist of the instruction issue is that the State asked the jury to convict Mr. Turner on the basis of an uncharged offense. If this had been some random offense or a lesser-included offense carved out of the charged incident, this would be an easy issue and we wouldn't be here today. Unfortunately, that uncharged offense was also unlawful use of a weapon by a felon, this time allegedly committed about two weeks before the charged incident, a fact that the State leveraged in order to tender IPI 3.01, which tells the jury that the State does not have to prove the date of the offense. Now that is good law. It is true that the State does not have to generally, in most cases, prove the date of the offense, and that's not an element in this case. However, that instruction has to be considered in the context of the facts of the case. It is a date-variance instruction. It is designed to foreclose an argument on behalf of the defendant that the defendant was not guilty of committing a crime merely because the charging instrument had the wrong date on it. So, for example, the charging instrument charges something that happened on December 14th, and a police officer testifies that this happened during my December 13th shift. That's the sort of variance that we're talking about with this IPI. Because of that narrow purpose, the State is not entitled to the instruction automatically or in every case. The instruction is only to be given when there is actually a variance in the proofs on what the committee notes on the IPI call the date alleged. Even then, it's improper to give the instruction when the inconsistencies in the date misled the defense or implicated an alibi. Now, in this case, there is no alibi, but there is also no variance. And to the extent that there is a variance, that variance was misleading, and I'll take both of those points in turn. The date alleged in the indictment was December 14th, 2014. That is, the State took the case to a grand jury, presented evidence to the grand jury, and that grand jury took that evidence and returned an indictment, alleging an incident on December 14th. All of the State's evidence at trial related to an incident that occurred in the early morning hours of December 14th. The only evidence of any other date was a detective's testimony that Turner gave a statement later on December 14th after being arrested during the December 14th incident, admitting to having found the firearm in question approximately two weeks earlier and alleging that that firearm had been loaded in a certain way on that date. Well, let me ask you, the police officer testified that he saw the defendant standing next to a drawer and when they left the room. Is that evidence of possession? That would traditionally be considered constructive possession. It would be circumstantial evidence of actual possession, but there are several steps that you have to take to get from that drawer to actual possession, or Turner's actual possession, and that's significant because the State in this case, as a strategic matter during the instructions conference, affirmatively waived any constructive possession argument. They withdrew the constructive possession instruction because the prosecutor in the case felt that the instruction was confusing to juries. She said she never liked this instruction. She agreed with the judge that this was an actual possession case. Consequently, in order for the State to convict Mr. Turner and to sustain the conviction now, they have to show actual possession. There's legally a difference between constructive and active as far as the crime itself? I believe so. In terms of the types of proof that you need to sustain the conviction. In this case, again, the State has affirmatively waived. They withdrew the instruction. They agreed to proceed only on an actual possession theory. Actual possession is exclusive, present, and personal or physical dominion over the object. They didn't present any evidence of the circumstances of that prior possession, including any evidence that Turner continued to have exclusive, present, and personal or physical dominion over the gun during that two-week interval. The consequence of that is that what we have in terms of the evidence at trial are two separate actual possessions. And again, it's not enough because the State limited itself on this question. It's not enough to show constructive possession in this case. Now, a consequence of there being two separate actual possessions is that the date alleged in the incident, in the indictment, is this December 14th incident. There is no evidence that the incident alleged to have occurred on December 14th actually occurred on any other date. Consequently, there is no variance in the proofs vis-a-vis the December 14th incident. If there's no variance, the State is not entitled to the instruction. Now, the State argued at the instructions conference that this was an ongoing or continuous possession. That argument makes little sense for at least three reasons. One, because, again, there's no evidence that Turner maintained actual possession over the two-week period. Second, because the State argued during post-trial hearings not continuous possession, but rather that the prior possession was circumstantial evidence of possession on December 14th. And three, because IPI 3.01 is not necessary in order to allow them to make that circumstantial evidence argument. In other words, there is no reason to ask for IPI 3.01 unless the intention is to ask the jury to convict regardless of the date or based on a different date than the date in the indictment. Regardless, the State did not actually ask the jury to convict based on the continuous possession theory. Instead, it told the jury that Turner admitted to possessing the guns two weeks prior, that any brief possession is illegal and, therefore, that it could convict based on Turner's statement alone. It later denied having done that, but our view is that the record of Turner's statement alone is sufficient and that the record is explicit. The State asked the jury, both during the opening statements and closing arguments, to convict based on the detective's testimony of Turner's statement admitting to having possessed the gun two weeks earlier. Doing so is misleading to the defense, and we have to be clear on what the standard is here below. The parties and the judge seem to be operating under the assumption that the standard is surprise. It's not. There is a difference between being surprised and being misled. I can't say that she was surprised that the State used the statement, but the record demonstrates that counsel believed, based on what she knew of the State's case going into trial, that the State was litigating the December 14th incident. The trial court apparently believed that this was a reasonable belief because it later expressed skepticism that 3.01 would allow the jury to convict based on anything but the December 14th incident. And frankly, I don't think that it's credible to suggest that any one of us would have been prepared for a full trial on the prior possession had we been in the same situation. Additionally, there are a number of ways that counsel might have addressed the prior possession if she had believed that that was the State's position or that that prior possession had actually been charged. And I don't raise that as a separate point of error, but rather to make the point that this was, again, an entirely separate offense that required an entirely different defense. What defense would be available to the prior possessions? So one that we raise in the briefs would be a necessity defense, for example. We don't know all of the facts around the prior possession. Turner later denied that he made the statement. That was obviously not part of the trial evidence, but it is part of the appellate record. So we don't know how it would have turned out if we had a trial on the prior possession. But based on the State's evidence, I think it's reasonable to argue, for example, that if this individual finds this gun in an unsafe place, in an unsafe state, that it is better for that person to make sure that that gun is in a safe state than it is to just walk away because they're a felon. Now, I don't know if that wins. That's not the point. The point is that it's not analogous to the situation that counsel believed Turner was being put on trial for. And so the defense that is applicable to December 14th is clearly not applicable to two weeks prior, whatever that date was, and we don't know, again, because we don't have any details except that he admitted that he had found it. And again, the point there is not to sort of get into the weeds on that prior possession. The point is that it is a different factual scenario than what we were dealing or what counsel thought she was dealing with at trial. So to summarize, the date alleged is December 14th, 2014. There's no evidence that the incident alleged to have occurred on that date occurred on any other date. And even if there is, counsel was misled in preparing the case because there is no indication before trial that the state would be asking the jury to convict based on this prior incident. Are there any other questions? I'll move on to the hearsay issue. The course of investigation doctrine, or exception to the hearsay rule, allows officers to testify to steps that they took during an investigation, including to the existence of conversations that they had during that investigation and what they did in response to those conversations, but the law does not allow them to get into the content of those conversations. Thank you. Thank you. Furthermore, to the extent that such information comes in, it comes in for the limited purpose of explaining the course of the investigation and not for the truth of the matter asserted. Both of those principles were violated here. First, the alleged victim, Alicia Dean, her statement that Turner shot in her got in front of the jury during the officer's testimony, the responding officer's testimonies. That was not necessary. They could have simply explained what happened. They approached. They had this conversation. They could have gone into the context of the conversation, her demeanor, et cetera, and then in response to that conversation went to a certain apartment. That's the upper limit of what the law allows them to testify to vis-à-vis that statement. And then the state used that statement substantively during closing arguments. And again, the state has denied that that's what happened. But again, I feel that it's not credible to make that assertion when what the state actually did was argue to the jury that Dean had repeatedly identified Turner as the shooter  and then leveraged her history with him as his ex-girlfriend as evidence that the contents of that statement were credible. That is a substantive use of that statement. And even if Your Honors disagree with me in terms of the application of the investigation exception, the fact remains that the statement was used substantively in front of the jury. In terms of the evidence, I refer Your Honors to the briefs. This is a factually weak case, and either of these errors could have tipped the scales. And therefore, we ask that Your Honors reverse and remand for a new trial or alternatively pursuant to Issue 3 for a proper crankle hearing. Thank you. May it please the Court? Counsel. Counsel, sorry about the second issue, so therefore I will do the same. You asserted that the trial did erred in giving Pattern Jury Instruction 3.01, which in that jury instruction states in material part, if you find the offense charged was committed, the State is not required to prove that it was committed on the particular date charged. The indictment charged the defendant with unlawful possession of a weapon by a felon on or about December 14, 2014. Thus, the people did not charge the defendant with possession of a weapon on a specific date. In his main brief, the defendant asserted that in pursuit of a prior possession theory, the prosecutor asked for and received a jury instruction that the people did not have to prove the actual date of the offense. The prosecutor only asked for an instruction explaining that the people did not have to prove the possession occurred on a specific date. And the evidence in the trial showed that the defendant admitted to Detective Chalice that he had handled the gun two weeks prior to December 14. His fingerprints would be on it, and he knew the gun held five spent cartridges. The defendant had a key to his mother Hazel Turner's apartment. The defendant was standing beside the drawer where the gun was found in Hazel's apartment, and Hazel testified that she goes into that specific drawer every day, and the gun was not there when she went to bed on that night before the December 14 finding. The defendant admits that people are not required to prove that a crime was committed on a specific or particular date, and Defendant's Trial Counsel specifically denied any unfair surprise from the people's request for OPI 3.01. And the record shows that Defendant's Counsel was fully prepared and fully cross-examined the people's witnesses about the possession of the gun. Also, the jury instruction was an accurate statement of the law. This Court knew and stated, it is the general rule of law that the date alleged in the indictment is not material and that it is sufficient if the prosecution proves that the offense was committed at any time within the period of statute of limitations and prior to the returning of the indictment. The Thrasher Court reiterated that giving OPI 3.01 may result in a reversible error in two instances, where inconsistencies between the date charged in the indictment and the evidence presented at trial are so great that the defendant is misled in presenting his defense, or where the defendant presents an alibi for the time alleged in the indictment and is thereby prejudiced because he failed to gather evidence and witnesses for the time actually proved by the people. But neither of those instances is present here. The giving of OPI 3.01 in this case allowed the jury to consider the totality of the evidence and the inferences flowing from the evidence and conclude that the defendant possessed the gun. Therefore, this instruction was properly given. Regarding this first issue that the trial judge heard in allowing as a course of investigation testimony that Alicia Dean screamed to the police officers that the defendant had fired a gun at her, the challenged testimony was not hearsay, as it was not introduced for the truth of what Dean screamed at officers White and McDowell. An out-of-court statement is admissible to show the course of a police investigation. An inquiries defendant argued that police cannot testify about the substance of conversations, but our Supreme Court in Williams stated, the determination of whether a statement constitutes an admissible hearsay does not focus upon the substance of the statement, but rather the purpose for which the statement is being used. Dean's statement in this case was only used to show why the officers investigated the defendant. When it first came in, in a non-responsive answer from Officer White after the prosecutor asked him about Dean's demeanor. So, but then what about the state's closing argument? The state was arguing that this was not a case of mistaken identification and in response to defense counsel's argument where he alleged that Dean was acting to So, that portion of the argument dealt with the aggravated discharge rather than the possession of the weapon in that case. People do note that the defendant did not preserve this for appeal. He also invited this error through his cross-examination. Invited error doesn't include just asking to proceed in one way and then on appeal claim that was error, but it also includes procuring evidence and in the cross-examination defense counsel elicited from Officers White and Medell that Dean told them that the defendant had shot a gun at her and that Dean told the officers that the defendant had entered a specific apartment. Therefore, the defendant forfeited his issue for failing to preserve it initially and by eliciting testimony about Dean's statements to police. Also, defense counsel rather elicited from Officer Bieneman that he had been dispatched to the scene on a report that a male had shot at a female and defense attorney elicited that officers had recovered a gun in the kitchen where the defendant had been standing. People can stand on our brief for any other argument and ask if you have any other questions. Thank you very much. Just briefly, your honors, the one thing I feel like I have to respond to, here's the invited error argument. This is simply not invited error. I mean, there's everything that counsel suggested was brought out by defense counsel was first brought out by the state. It's not invited error to respond to the evidence that was presented. We cannot put defendants in a situation in which error occurs and they risk inviting that error that has already occurred by responding to it at trial. If that is the law, then there is no way for attorneys to mitigate the damage that's done when these errors occur at trial. This is not the situation in which that doctrine contemplated and it does not apply in this case. In terms of the state's other arguments, I would just stress again, there seems to be in the state's briefs, the argument seems to stop at a certain point. So, for example, with the hearsay argument, it is absolutely true police officers can discuss these things. They can talk about the course of their case, and to the extent that they're being used, that the testimony is being used in a limited manner. You cannot bring in contents of these statements. That is the rule. And with that, unless Your Honors have any other questions. Thank you very much. Thank you for your argument. The court will take this case under advisement and members receive it. Thank you. We'll take a break now for a panel change.